UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

SAMUEL MONTERO,

                                  Plaintiff,

              -against-

CAPT. WILLIMS, CORRECTION OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, OFFICER THOMPSON, CORRECTIONAL OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, THE DEPARTMENT OF CORRECTION N.Y.C.,

                                 Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF THE NEW YORK CITY DEPARTMENT OF CORRECTION**

08 CV 2819 (LTS)(MHD)

Jury Trial Demanded

--------------------------------------------------------------------------- x

       Defendant the New York City Department of Correction ("DOC"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.     Denies the allegations set forth in paragraph "I" of the complaint and all of its subparts, except admits that plaintiff purports to name the parties as stated therein.

       2.     Denies the allegations set forth in paragraph "II.A." of the complaint, except admits that plaintiff was incarcerated at Rikers Island on or about November 15, 2007.

       3.     Denies the allegations set forth in paragraph "II.B." of the complaint, except admits that plaintiff was present in "Mod 1 Lower" on or about November 15, 2007.

---

[1] By letter dated August 22, 2008, this office requested a 14-day enlargement of time to submit an answer to the complaint on behalf of defendant Captain Williams and "Officer Thompson". Additionally, the individual identified in the caption of the complaint as "Officer Thompson" has not been served with a copy of the summons and complaint in this action. Accordingly, this answer is not submitted on their behalves

4. Denies the allegations set forth in paragraph "II.C." of the complaint, except admits that an incident involving plaintiff occurred on or about March 15, 2007 at approximately 6:45 p.m.

5. Denies the allegations set forth in paragraph "II.D." of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations that the incident was caught on camera and that other inmates witnessed the incident.

6. In response to the two-page document dated November 18, 2007 attached to the complaint, defendant denies the allegations contained therein, except admits that there was a fight between inmates on November 15, 2007.

7. Denies the allegations set forth in paragraph "III" of the complaint, except admits that plaintiff visited the clinic on or about March 15, 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that a photograph was taken of plaintiff.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the complaint and all of its subparts, except admits that plaintiff was incarcerated at Rikers Island on or about March 17, 2007, that there is a grievance procedure at Rikers Island.

9. Denies the allegations set forth in paragraph "V" of the complaint, except admits that plaintiff purports to seek relief as stated therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

11. The complaint fails to state a claim upon which relief can be granted.

- 3 -

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

12. Defendant has not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

13. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

14. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

15. Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

16. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

17. Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

18.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

19.     Plaintiff provoked any incident.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

20.     The New York City Department of Correction is not a suable entity.

- 5 -

**WHEREFORE,** defendant the New York City Department of Correction requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 22, 2008

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                 City of New York
                              Attorney for Defendant DOC
                              100 Church Street
                              New York, New York 10007
                              (212) 788-1575

By:   _____/s/_____
      Bradford C. Patrick
      Assistant Corporation Counsel
      Special Federal Litigation Division

To:   BY MAIL
      Samuel Montero, ███
      Plaintiff Pro Se
      George R. Vierno Center
      09-09 Hazen St.
      E. Elmhurst, NY 11370

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Bradford C. Patrick declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **August 22, 2008** I served the annexed **Answer to the Complaint on Behalf of the New York City Department of Correction** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

>Samuel Montero, #8
>Plaintiff Pro Se
>George R. Vierno Center
>09-09 Hazen St.
>E. Elmhurst, NY 11370

Dated:     New York, NY
           August 22, 2008

>/s/
>Bradford C. Patrick
>Assistant Corporation Counsel
>Special Federal Litigation

Index No.  08 CV 2819 (LTS)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL MONTERO,

                              Plaintiff,

                    -against-

CAPT. WILLIMS, CORRECTION OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, OFFICER THOMPSON, CORRECTIONAL OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, THE DEPARTMENT OF CORRECTION N.Y.C.,

                             Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF THE NEW YORK CITY DEPARTMENT OF CORRECTION**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendant DOC*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-021734*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*................................................................... Esq.*

*Attorney for...................................................................*