UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SAMUEL MONTERO,

                              Plaintiff,

            -against-

CAPT. WILLIMS, CORRECTION OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, OFFICER THOMPSON, CORRECTIONAL OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, THE DEPARTMENT OF CORRECTION N.Y.C.,

                              Defendants.

------------------------------------------------------------------------- x

**AMENDED ANSWER TO THE COMPLAINT ON BEHALF OF DOC AND ANSWER ON BEHALF OF CAPTAIN M. WILLIAMS**

08 CV 2819 (LTS)(MHD)

Jury Trial Demanded

        Defendants New York City Department of Correction ("DOC") and Captain M. Williams, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.     Deny the allegations set forth in paragraph "I" of the complaint and all of its subparts, except admit that plaintiff purports to name the parties as stated therein.

        2.     Deny the allegations set forth in paragraph "II.A." of the complaint, except admit that plaintiff was incarcerated at Rikers Island on or about November 15, 2007.

        3.     Deny the allegations set forth in paragraph "II.B." of the complaint, except admit that plaintiff was present in "Mod 1 Lower" on or about November 15, 2007.

---

[1] In addition to defendants DOC and Captain M. Williams, the complaint purports to name "Officer Thompson" as a defendant. However, on information and belief, Correction Officer Thompson has not been served with a copy of the summons and complaint and this answer is therefore not submitted on behalf of Correction Officer Thompson.

4. Deny the allegations set forth in paragraph "II.C." of the complaint, except admit that an incident involving plaintiff occurred on or about November 15, 2007 at approximately 6:45 p.m.

5. Deny the allegations set forth in paragraph "II.D." of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations that the incident was caught on camera and that other inmates witnessed the incident.

6. In response to the two-page document dated November 18, 2007 attached to the complaint, defendants deny the allegations contained therein, except admit that there was a fight between inmates on November 15, 2007.

7. Deny the allegations set forth in paragraph "III" of the complaint, except admit that plaintiff visited the clinic on or about November 15, 2007, and deny knowledge or information sufficient to form a belief as to the truth of the allegation that a photograph was taken of plaintiff.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "IV" of the complaint and all of its subparts, except admit that plaintiff was incarcerated at Rikers Island on or about November 15, 2007, and that there is a grievance procedure at Rikers Island.

9. Deny the allegations set forth in paragraph "V" of the complaint, except admit that plaintiff purports to seek relief as stated therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "VI" of the complaint and all of its subparts.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

11. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

12.  At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

13.  Captain M. Williams has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

14.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

15.  Plaintiff's claims may be barred, in whole or in part, by his failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

16.  Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

17.  Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

18.  Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations period.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

19. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

20. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

21. DOC is not a suable entity.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

22. Captain M. Williams had no personal involvement in the incident alleged in the complaint.

- 5 -

**WHEREFORE,** defendants DOC and Captain M. Williams request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 5, 2008

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the
                           City of New York
                         Attorney for Defendants DOC and Williams
                         100 Church Street
                         New York, New York 10007
                         (212) 788-1575

By:    _____/s/_____
        Bradford C. Patrick
        Assistant Corporation Counsel
        Special Federal Litigation Division

To:    BY MAIL
       Samuel Montero,
       Plaintiff Pro Se
       George R. Vierno Center
       09-09 Hazen St.
       E. Elmhurst, NY 11370

## DECLARATION OF SERVICE BY FIRST CLASS MAIL

I, Mary O'Flynn declare, pursuant to 28 U.S.C. § 1746, under the penalty of perjury that on **September 5, 2008** I served the annexed **Amended Answer to the Complaint on Behalf of DOC and Answer on Behalf of Captain Williams** upon the following individual by depositing a copy of the same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to the said plaintiff pro se at the address set forth herein, being the address designated by said plaintiff for that purpose, to wit:

> Samuel Montero, #
> Plaintiff Pro Se
> George R. Vierno Center
> 09-09 Hazen St.
> E. Elmhurst, NY 11370

Dated:   New York, NY
         September 5, 2008

                                             /s/
                                             Mary O'Flynn
                                             Assistant Corporation Counsel
                                             Special Federal Litigation

Index No.  08 CV 2819 (LTS)(MHD)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAMUEL MONTERO,

                                            Plaintiff,

-against-

CAPT. WILLIMS, CORRECTION OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, OFFICER THOMPSON, CORRECTIONAL OFFICER, WORK AT A.M.K.C. FACILITY – C95 HOURS 3/11 PM IN INTAKE, THE DEPARTMENT OF CORRECTION N.Y.C.,

                                            Defendants.

---

**AMENDED ANSWER TO THE COMPLAINT ON BEHALF OF DOC AND ANSWER ON BEHALF OF CAPTAIN WILLIAMS**

---

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendants DOC and Williams*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Bradford C. Patrick*
*Tel:  (212) 788-1575*
*NYCLIS No.2008-021734*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  .............................................., 200......*

*.............................................................................. Esq.*

*Attorney for...................................................................*